IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00173-GPG

NICHOLAS CHRISTOPHER CORONADO,

    Plaintiff,

v.

JOHN R. STALARY, S/C,
TIMOTHY LAFEBRE, C/O,
LARRY REID, Warden,
JAMES ANTHONY DUPPS, Capt.,
DEIASEL, Federal Convict,
WIZARD, Federal Convict,
C/O, and
SETH RICHMOND STOAKES, Convict,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Nicholas Christopher Coronado, initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  On January 27, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Coronado to cure a deficiency if he wished to pursue his claims.  Specifically, Magistrate Judge Gallagher ordered Mr. Coronado to submit a certified copy of his inmate trust fund account statement.  Mr. Coronado was warned that the action would be dismissed without further notice if he failed to cure the deficiency within thirty days.

    A copy of Magistrate Judge Gallagher's January 27 order was mailed to Mr. Coronado at the street address he listed in the Prisoner Complaint.  (*See* ECF No. 1 at

2.) However, the return address on the envelope in which the Prisoner Complaint was mailed to the Court indicates Mr. Coronado was an inmate at the Denver County Jail at that time. (*See* ECF No. 1-1.) Therefore, on March 4, 2015, Magistrate Judge Gallagher entered a minute order directing the clerk of the Court to mail to Mr. Coronado at the Denver County Jail a copy of the January 27 order directing him to cure the deficiency in this action. Mr. Coronado was directed to cure the deficiency within thirty days from the date of the minute order and he again was warned that the action would be dismissed without further notice if he failed to cure the deficiency within the time allowed.

On March 26, 2015, the copies of the March 4 minute order and the January 27 Order Directing Plaintiff to Cure Deficiency that were mailed to Mr. Coronado at the Denver County Jail were returned to the Court undelivered. The returned envelope is stamped "No Longer at this Location" and bears a second stamp or sticker that reads "RETURN TO SENDER, ATTEMPTED – NOT KNOWN, UNABLE TO FORWARD." (*See* ECF No. 7.)

Mr. Coronado has not cured the deficiency in this action and he has failed to respond in any way to Magistrate Judge Gallagher's January 27 order. He also has failed to file a notice of change of address within five days of any change of address as required by the Court's local rules. *See* D.C.COLO.LAttyR 5(c). Therefore, the action will be dismissed without prejudice for failure to prosecute and comply with the Court's local rules. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369

U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Coronado failed to prosecute and comply with the Court's local rules. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is denied as moot.

DATED at Denver, Colorado, this  8th  day of    April   , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court